**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

No. 04-2489

PAUL A. GARGANO,

Plaintiff-Appellant,

v.

RONALD ZIMMER, CELITA ZIMMER,
and ZIMMER & ASSOCIATES,

Defendants-Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. Nancy Gertner, U.S. District Judge]

Before

Boudin, Chief Judge,

Howard, Circuit Judge,

and Campbell, Senior Circuit Judge.

Scott McConchie with whom Griesinger Tighe & Maffei, LLP was
on brief for Defendants-Appellees.
Paul A. Gargano with whom Gargano & Associates and Timothy
Scannell were on brief for Appellant.

March 31, 2005

**Per Curiam**.  This case arose from dealings that a Cayman Islands construction firm had with a client, Paul Gargano, a Massachusetts lawyer who is also a resident of the Cayman Islands by grant of status, owns property there, and sought to build a home there.  The firm, Zimmer & Associates, is run by Celita and Ronald Zimmer, both Caymanians by citizenship or grant of status.  After the business relationship broke down over payment issues, Gargano filed suit in federal district court in Massachusetts, asserting various contract, fraud, and unfair practices claims.

The magistrate judge recommended granting a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), assessing in detail the multi-faceted "minimum contacts" and "gestalt" factors and finding that both sets of considerations worked against the plaintiff.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-78 (1985); Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 206-12 (1st Cir. 1994).  The district judge adopted the magistrate judge's report and recommendation, dismissing the case.

If the plaintiff met the necessary showing of "minimum contacts," and it is not at all clear that he did, he would have done so at best by a small margin -- one that the "gestalt" factors weighing against jurisdiction in this case easily overcome.  Accordingly, on this second ground, we readily affirm, substantially for the reasons given by the magistrate judge.

It is so ordered.